[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13510
Non-Argument Calendar

_____

D.C. Docket No. 3:14-cr-00062-RV-EMT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PETER MARSHALL DENNIN,
a.k.a. Peter Descamps,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 10, 2016)

Before MARCUS, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Peter Marshall Dennin appeals his conviction and sentence for mail fraud, in

violation of 18 U.S.C. § 1341.  Dennin's scheme involved the filing of fraudulent

claims against British Petroleum ("BP") following the Deepwater Horizon oil spill.

On appeal, he argues that: (1) the district court erred by denying his motion for a judgment of acquittal because the evidence was insufficient to prove that he caused mails to be used in furtherance of a scheme to defraud; (2) the district court plainly erred by using the pattern jury instructions for mail fraud, which replaced the knowledge element of the crime with a reasonable foreseeability test; (3) the district court abused its discretion by denying his counsel's motion to withdraw without making an adequate inquiry into the grounds for the motion; and (4) the district court erred in determining the intended loss for sentencing purposes, since the representations it relied on resulted from a drafting error on his claim form that added two amounts included in the form that should have been considered one total intended loss.  After careful review, we affirm.

We review the denial of a motion for a judgment of acquittal <u>de novo</u>. <u>United States v. Evans</u>, 473 F.3d 1115, 1118 (11th Cir. 2006).  We review the denial of counsel's motion to withdraw for abuse of discretion.  <u>United States v. Calderon</u>, 127 F.3d 1314, 1342-43 (11th Cir. 1997).  We review a district court's loss calculation for clear error.  <u>United States v. Campbell</u>, 765 F.3d 1291, 1301-02 (11th Cir. 2014).  There is no clear error in cases in which the record supports the district court's findings.  <u>United States v. Rodriguez</u>, 751 F.3d 1244, 1255 (11th Cir.), <u>cert. denied</u>, 135 S. Ct. 310 (2014).  Finally, we review issues raised for the first time on appeal for plain error.  <u>United States v. Bennett</u>, 472 F.3d 825, 831

(11th Cir. 2006). To show plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir.2007). If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

First, we are unpersuaded by his claim that the district court erred by denying his motion for a judgment of acquittal. Under the Federal Rules of Criminal Procedure, a defendant may move for a judgment of acquittal within 14 days of a guilty verdict, even if he did not move for a judgment of acquittal at the close of evidence. Fed. R. Crim. P. 29(c). A motion for a judgment of acquittal under Rule 29(c) preserves issues raised therein for appellate review if they are properly raised on appeal. See United States v. Maxwell, 386 F.3d 1042, 1053 n.13 (11th Cir. 2004), reversed on other grounds, 546 U.S. 801 (2005).

When the motion raises a challenge to the sufficiency of the evidence, we ask whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact would have found all of the essential elements of the crime beyond a reasonable doubt. United States v. Eckhardt, 466 F.3d 938, 944 (11th Cir. 2006). We view the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor. United States v. Hamaker, 455 F.3d 1316, 1332 n.17

(11th Cir. 2006).   It is not enough for a defendant to put forth a reasonable hypothesis of innocence, as the issue is not whether a jury reasonably could have acquitted, but whether it reasonably could have found guilt beyond a reasonable doubt.  United States v. Martin, 803 F.3d 581, 587 (11th Cir. 2015).

To obtain a conviction for mail fraud, the government must prove that a person: (1) intentionally participated in a scheme to defraud another of money or property; and (2) used or caused the use of the mails for the purpose of executing the scheme.  United States v. Ward, 486 F.3d 1212, 1222 (11th Cir. 2007).  The latter element is satisfied if the scheme's completion was dependent in some way upon information and documents passed through the mails and if the defendant acted with knowledge that the use of the mails would follow in the ordinary course of business or could reasonably be foreseen.  Id.  The elements of mail fraud can be proved by circumstantial evidence.  United States v. Robertson, 493 F.3d 1322, 1330-31 (11th Cir. 2007).

In this case, Dennin only takes issue with the second mail-fraud element -- whether he acted with knowledge that the use of the mails would follow in the ordinary course of business or could reasonably be foreseen -- and he has failed show that insufficient evidence of this element was presented at trial.  As the record reveals, a reasonable jury could have concluded, based on circumstantial evidence, that it was reasonably foreseeable to Dennin that the mails would be

used to pay out his fraudulent claims. Although the previous claims checks Dennin had received had been handwritten and handed to him in the claims office in Florida, evidence presented at trial showed that Dennin called the claims center in Louisiana to inquire about a $4,055 check -- which was the subject of his conviction -- after he had been asked to verify his address and submit it. A reasonable jury could have inferred that when he called Louisiana, seeking to have his claim expedited, and did not visit or call his Florida insurance adjuster with whom he had previously worked, it was reasonably foreseeable that his check would be sent in the mail. Thus, we affirm the district court's denial of his motion for a judgment of acquittal.

We also reject Dennin's claim that the district court plainly erred by using the pattern jury instructions for mail fraud. While we typically review issues not raised below for plain error, when a party agrees with the district court's proposed jury instructions, the doctrine of invited error applies. United States v. Frank, 599 F.3d 1221, 1240 (11th Cir. 2010). This means that appellate review of those instructions is waived even if plain error would result. Id. Invited error occurs when a defendant indicates to the district court that the jury instructions are acceptable to him. United States v. Fulford, 267 F.3d 1241, 1247 (11th Cir. 2001). Here, Dennin indicated that he had no problem with the jury instructions and twice declined to object when the district court solicited objections to the manner in

5

which the jury was instructed.  Thus, he waived his right to challenge the district court's instructions, and we decline to review this claim.

Next, we find no merit to Dennin's argument that the district court abused its discretion by denying his counsel's motion to withdraw without making an adequate inquiry into the grounds for the motion.  To determine whether a district court abused its discretion in denying a motion for substitute counsel, we consider three factors: (1) the timeliness of the motion, (2) the adequacy of the court's inquiry into the merits, and (3) whether the conflict was "so great that it resulted in a total lack of communication between the defendant and his counsel thereby preventing an adequate defense."  Calderon, 127 F.3d at 1343.  Even if the district court abused its discretion, a defendant must demonstrate that he was prejudiced by the continuing representation.  Id.     In Calderon, the defendant asserted that his attorney "was derelict in filing proper motions, biased, inexperienced, and generally unenthusiastic about representing him."  Id.  We held that a far more serious breakdown in communication was necessary to warrant reversal.  Id.

The district court did not abuse its discretion in denying Dennin's motion in this case.  For starters, the motion was timely, and the district court heard the reasons for Dennin's dissatisfaction with trial counsel before denying the motion.  Thus, the only inquiry before us is whether there was a total breakdown in communications between Dennin and his counsel, Randall Lockhart, id., and the

6

record indicates that there was no such breakdown. According to Lockhart, he and Dennin communicated via e-mail and in "long and extended discussions" before the motion to withdraw was filed, and at times they had a "meeting of the minds" as to strategy. Lockhart and Dennin also testified that the dispute between them arose out of a disagreement over the pace of the discovery and pretrial strategy. There is no indication, however, that Dennin's complaint related to anything more than mere dissatisfaction with Lockhart's performance, and it was not so serious as to result in a total breakdown that would have prevented putting forward an adequate defense. As a result, the district court did not abuse its discretion in denying Lockhart's motion to withdraw from representing Dennin.

Lastly, we are unconvinced by Dennin's claim that the district court erred in determining the intended loss for sentencing purposes. The Sentencing Guidelines instruct courts to increase a defendant's offense level based on the loss attributable to that defendant. U.S.S.G. § 2B1.1(b)(1). The 2014 Sentencing Guidelines provide a 10-level enhancement for an intended loss of more than $120,000 and less than $200,000. U.S.S.G. § 2B1.1(b)(1)(F) (2014). The guidelines define "loss" as the greater of actual loss or intended loss. U.S.S.G. § 2B1.1 comment. n.3(A). Under the 2014 Sentencing Guidelines, intended loss is the "pecuniary harm that was intended to result from the offense," even if the harm was "impossible or unlikely to occur." Id. § 2B1.1 comment. n.3(A)(ii).

7

Proper calculation of the guidelines requires consideration of all relevant conduct, not merely charged conduct. Rodriguez, 751 F.3d at 1256. Relevant conduct includes all acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction. U.S.S.G. § 1B1.3(a)(2). We have recognized that the district court is in a unique position to assess the evidence and estimate the loss based upon that evidence, and its determination of loss, therefore, is entitled to appropriate deference. United States v. Willis, 560 F.3d 1246, 1251 (11th Cir. 2009). The government must prove the attributable loss by a preponderance of the evidence. United States v. Dabbs, 134 F.3d 1071, 1081 (11th Cir. 1998).

Here, the district court did not clearly err in determining that an intended loss of $142,173.70 was attributable to Dennin for purposes of the guidelines loss calculation. As for the $128,849.70 portion of that amount, Dennin's claims form provided that he had total earnings and profits of $128,849.70 in two places. Although Dennin's fraudulent tax returns appear to represent a net profit of only $25,368.95, it was not clearly erroneous for the district court to rely on the amount that Dennin claimed on his claim form that he submitted to the claims center, instead of on the supporting tax returns.

As for the $13,324 portion of the total loss amount, Dennin did not preserve his argument; [1] we therefore review this issue for plain error, and can find none. The claims form and tax returns that Dennin submitted to support his claim properly could have been construed as though he was claiming $128,849.70 from the claims office, in addition to the $13,324 that he had already received from the BP emergency payout.  Because the district court was in the best position to ascertain the amount of loss, we defer to its determination that Dennin's claim of $128,849.70 was in addition to his previous claim for $13,324, and should, therefore, be added to it.  Accordingly, there was no plain error in calculating a total $142,173.70 amount of loss, and we affirm Dennin's conviction and sentence.

**AFFIRMED**.

---

[1] In his sentencing memorandum, he argued that the $13,324 figure should have been subtracted from the $128,849.70 figure because he had "already been paid," but did not argue that it should not have been added to the $128,849.70 figure because it was duplicative.